ARTHUR J. BUTTS, plaintiff in error *vs.* THOMAS PUGH, next friend, defendant in error.

1. Where an application was made by the next friend of minor children to the ordinary for twelve months' support, and it appeared that the return of the commissioners was entered upon the appraisement and of the same date thereof:

*Held,* that it was not error in the Court to permit the return to go in evidence, even though there was no other affirmative evidence of notice to the administrator of the appointment of the commissioners.

2. It is competent to show by parol, that the administrator appeared before the commissioners to set apart a year's support, and consented to, or aided in, their report. Such an appearance would be a waiver of notice, and may be relied on in the absence of other evidence.

Administrators and executors. Year's support. Evidence. Notice. Before Judge BARTLETT. Baldwin Superior Court. August Term, 1874.

Thomas Pugh, as next friend for the minor children of N. J. Pugh, deceased, brought complaint against Arthur J. Butts, as security upon the bond of John R. Tucker, administrator of said deceased, for $549 66, with interest from October 16th, 1868, it being the amount allowed by judgment of the court of ordinary for a twelve months' support of such minors.

The declaration alleged that the administrator had moved without the limits of the state. The defendant pleaded that no such allowance had ever legally been made.

The plaintiff offered in evidence the inventory and appraisement of the goods and chattles of N. J. Pugh, deceased, upon which was entered the return of commissioners *to set apart a year's support,* allowing all of the property embraced in such inventory for such purpose. The inventory and return were both dated October 16th, 1868.

Also, a petition by Thomas Pugh, as next friend, for the appointment of commissioners to set apart such allowance, with the order of ordinary thereon dated October 5th, 1872.

Also, an order allowing such return, passed at the August term, 1872, of the court of ordinary.

To this entire record, offered in evidence as aforesaid, was attached the following order:

" The above and foregoing being read, it is ordered that the same be recorded, the same being approved.
      (Signed)            " M. R. BELL, *Ordinary B. C.*
" August 12th, 1872." ·

Amongst other grounds, the defendant objected to the above testimony because there was no evidence that the administrator was notified of the appointment of the commissioners to set apart the twelve months' support. The evidence was excluded.

The plaintiff then offered to show by parol that the administrator had such notice, and had, in fact, agreed to the judgment of the court of ordinary making such allowance. This the court refused to permit.

The plaintiff offering no further testimony, his case was dismissed. Subsequently he moved to have it reinstated on the ground that the court had erred in the above rulings. The motion was sustained and the defendant excepted.

CRAWFORD & WILLIAMSON, for plaintiff in error.

SANDFORD & FURMAN, for defendant.

McCay, Judge.

1. During the term it was competent for the court, in its discretion, to entertain a motion to reinstate the dismissed case, either because of error in its judgment, or on new cause shown. Hence, as the facts of both judgments are in the record, we think they are all before us. We have, at this term, in the case of *Barnes et al vs. Underwood, administrator, 54th Georgia Reports*, 87, affirmed the case of *Davie vs. McDaniel, 47th Georgia Reports*, 195. The court of ordinary, under our law, is a court of general jurisdiction as to the matter of intestate estates, and its judgments are entitled to all the respect and presumptions of such courts. The statutes requiring petitions in writing, the record of them, and what they shall contain, do not make the judgments *void* if they do not show these requirements to have been complied with. They are amendable. They stand as the laws requiring declarations and other forms in the superior court, and the judgment is not void if they do not appear.

2. In this case, however, we think there is evidence of service. The appraisement is the administrator's own return; as it is found in the office, the presumption is that the administrator filed it there, as it was his duty to do : Code, section 2517. On that appraisement, on the same paper, and of the same date of it, is the report of the commissioners. How did it get there on that day ? Is not the presumption of notice almost irresistible ? Besides, the parties offered to prove that the administrator was present, aiding and consenting to this setting apart. Necessarily, such proceedings are in *pais*, not before a court of record, and the presence of the administrator, and his consent, might be proven by parol. If he was present and showed the property, and was consulted with by the commissioners, ought he to be allowed to set up want of notice ? It appears that the returns, and, indeed, all the papers in this office, are confused, and many of them missing, and we think great latitude ought to be allowed in

such cases. The report, it is true, is not very definite, but we think the parties may (if they can) show what was the true value of the things set apart, on the trial.

Judgment affirmed.